ROBERT E. AYCOCK (USB # 8878); Email: raycock@wnlaw.com
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Tenth Floor
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801-328-1707)

Attorneys for BEST LITTLE SITE, LLC.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BWP MEDIA USA INC.,<br><br>Plaintiff,<br><br>v.<br><br>BEST LITTLE SITE, LLC.<br><br>Defendant. | Civil Action No. 2:13-CV-00344<br><br>**ANSWER**<br><br>Judge Robert J. Shelby |

In response to the claims alleged in the Complaint (Dkt. No. 2) by plaintiff BWP Media USA Inc. ("Plaintiff") in the above-captioned action (the "Action") filed on May 15, 2013, defendant Best Little Site, Inc. ("Defendant") hereby answers as follows[1]:

---

[1] For clarity, Defendant will retain use of the headings contained within the Complaint.  However, Defendant denies any allegations or claims made by Plaintiff in the titles or headings of the Complaint.

## INTRODUCTION

1. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint and denies same.

2. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint and denies same.

3. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint and denies same.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Defendant denies that this Court has subject matter jurisdiction over the Plaintiff's copyright infringement claim as alleged in paragraph 8, based on a search of the Copyright Office online database. The Complaint fails to include any claims arising under state law, so the Defendant denies that this Court's supplemental jurisdiction has been invoked.

8.[2] Defendant admits that it is subject to personal jurisdiction in Utah.

9. Defendant does not contest venue in the District of Utah, Central Division for this lawsuit.

---

[2] Plaintiff mistakenly has included two paragraphs numbered "8."

## PARTIES

10. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint and denies same.

11. Defendant admits that its principal place of business is in Utah County, Utah. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

### BWP'S BUSINESS

12. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint and denies same.

13. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint and denies same.

### BWP'S COPYRIGHTS

14. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint and denies same.

15. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint and denies same.

16. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint and denies same.

17. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint and denies same.

18. Defendant denies the allegations in paragraph 18 of the Complaint, based upon a search of the Copyright Office online database.

## BLS's WEBSITE

19. Defendant admits that it owns and controls the internet domain name comicbookmovie.com and it operates a website located at that address. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits that it receives income from advertisements placed on its website. Defendant denies the remaining allegations in paragraph 21 of the Complaint.

## BLS's MISCONDUCT

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## FIRST COUNT
### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint and denies same.

30. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint and denies same.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

**PRAYER FOR RELIEF**

37. The Prayer for Relief contains legal conclusions for which no answer is required. Defendant denies that the Plaintiff is entitled to any relief of any type from Defendant.

38. Defendant denies each and every allegation of the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of the defenses set forth herein, Defendant alleges the following as affirmative defenses to the Complaint and the relief sought therein:

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's Complaint fails to invoke this Court's subject matter jurisdiction, because the copyright at issue is not owned by the Plaintiff, based on a search of the Copyright Office online database.

3. The asserted copyright is invalid.

4. The Plaintiff's claims are barred in whole or in part by authorization acquiescence and laches.

5. The Plaintiff's claims are barred in whole or in part by misuse.

6. The Plaintiff's claims are barred in whole or in part by waiver and estoppel.

7. The Plaintiff's claims for equitable relief are barred by its failure to do equity and unclean hands.

8. The Plaintiff's claims are barred in whole or in part by fair use.

9. It is the Plaintiff's burden to prove copying of original and protected expression, but Defendant affirmatively pleads that it did not copy original and protected expressions of the Plaintiff.

10. It is the Plaintiff's burden to prove originality, but Defendant affirmatively pleads that the allegedly infringed elements of the Plaintiff's work lacks sufficient originality in pertinent part and is not protected under United States copyright law, 17 U.S.C. § 101, *et seq*.

11. The Plaintiff lacks standing to bring an infringement action.

12. The work at issue was a work for hire and the Plaintiff does not own the copyright.

Wherefore, Defendant respectfully requests that Plaintiff take nothing by way of its Complaint, that Plaintiff's Complaint be dismissed in its entirety, that Defendant recover its attorney's fees, expenses, and court costs, and that Defendant be awarded such other and further relief, in law or in equity, as this Court deems just and proper.

DATED this 27th day of September, 2013.

    WORKMAN NYDEGGER

By/s/ *Robert E. Aycock*
    Robert E. Aycock
    Attorneys for Defendant
    Best Little Sites, LLC