**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
BWP Media USA Inc. d/b/a
Pacific Coast News

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BWP MEDIA USA INC. d/b/a PACIFIC COAST NEWS,<br><br>    Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, LLC,<br><br>    Defendant. | **ATTORNEY'S PLANNING MEETING REPORT**<br><br>Case No. 2:13-cv-00344-RJS<br><br>District Judge Robert J. Shelby |

1.  **PRELIMINARY MATTERS**:

    a. The nature of the claims and affirmative defenses is:

    Plaintiff Contends: This is a copyright infringement case. The Plaintiff provides entertainment related photojournalism goods and services and owns the copyrights to a multitude of photographs featuring celebrities, which it licenses to online and print publications. Plaintiff has obtained copyright registrations covering their photographs. Without permission or authorization from Plaintiff, Defendant, *inter alia*, displayed Plaintiff's copyrighted photographs on its website, www.comicbookmovie.com, in violation of the United States Copyright laws.

    Defendant Contends: Defendant provides a website which allows users to upload content and images. Defendant's terms of use prohibit users from uploading content that infringes copyrights. Alleged infringements 3-7 are by Plaintiff's admission unregistered, and therefore fail to state a claim. Defendant has substantially complied with the DMCA safe harbor provisions under 17 U.S.C. 512(c); although Defendant did not provide the U.S. Copyright Office notice of its registered agent until May 2013, Defendant provided a link for take-down notifications since at least September 2012. Plaintiff has provided no take-down notices. Plaintiff's copyright registrations are of questionable validity.

    b.    This case is not referred to a magistrate judge.

    c.    Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on October 24, 2013 via telephone.

The following were in attendance:

    Craig B. Sanders, Esq.,
    counsel for Plaintiff, BWP Media USA Inc. d/b/a Pacific Coast News
    Robert E. Aycock and Sarah E. Jelsema
    counsel for Defendant, Best Little Sites, LLC

    d.    The parties request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge Evelyn J. Furse on November 11, 2013, at 10:30 a.m.

    e.    The parties will exchange by 11/20/13 the initial disclosures required by Rule 26(a)(1).

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2.    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:

    <u>Plaintiff's Statement</u>: Currently, Plaintiff intends to conduct discovery, *inter alia*, on the following topics, including through interparty written discovery, third party written discovery and depositions:

-Internal policies and procedures regarding copyright compliance, and complaints and demand letters received regarding intellectual property infringement.
-Yearly and quarterly revenue, profit, and/or losses since 2011.
-Analytics for the Defendant's website.

-The ownership of and payment for the domain name for the Defendant's website, including the billing records from the domain name registrar.
-Ownership, creation, and operation of the Defendant's website, including contracts and billing records for website developers and website hosting services.
-Persons responsible for creating and maintaining content on the Defendant's website.
-Any other issues attendant to the claims set forth in the Plaintiff's Amended Complaint and the Defendant's Answer and Affirmative Defenses.

<u>Defendant's Statement</u>: Defendant believes that Plaintiff's discovery regarding analytics for Defendant's website and persons responsible for creating and maintaining content on Defendant's website should be limited to information relating to the asserted copyright registrations.

Currently, Defendant intends to conduct discovery on the following topics:

- Authorship, creation, ownership, and publication of the asserted copyrighted materials.
- The registrations and applications for registration for the asserted copyrighted materials.
- Plaintiff's actions with regard to the alleged copyrighted images, including its dissemination thereof, use of copyright notices, etc.
- Plaintiff's revenue, profit, and/or losses since 2011.
- Valuation of Plaintiff's asserted and similar alleged copyrights.
- Internal policies regarding copyright compliance with 17 U.S.C. 512(c) and evidence regarding compliance in this matter.
- Plaintiff's other pending copyright litigation and prior settlements

    b.    Discovery Phases.

The discovery will not be conducted in phases or limited or focused upon particular issues.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

        Oral Exam Depositions

        Plaintiff   10

        Defendant   10

        Maximum no. hrs. per deposition   7

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories  25

Admissions  50[1]

Requests for production of documents  75

(3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

d.  Discovery of electronically stored information should be handled as follows: *Brief description of parties' agreement.*

Plaintiff's Proposal:  Plaintiff proposes that the parties shall produce electronically stored information ("ESI") in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist. Where reasonably useable, the parties shall produce ESI as **either**:

-single page TIFF images with associated information, including metadata as described below, in Relativity/Concordance load files that shall include: (1) Begin Bates; (2) End Bates; (3) Begin Attachment; (4) End Attachment; (5) Custodian; and (6) level of confidentiality if any (e.g., "Attorneys Eyes Only"); **or**

-Text searchable PDF files containing all of the pages in each record, with any attached records sequentially Bates-numbered.

With respect to emails, the Parties will also produce at least the following metadata: (1) Date Sent; (2) To; (3) From; (4) CC; (5) BCC; (6) Subject; and (7) Full Text. Emails may be produced in native (PST) format. For all other ESI, the parties will also produce at least the following metadata: (1) File Name; (2) Date Last Modified; and (3) Full Text.

ESI not reasonably useable in the above-referenced formats, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon reasonable request in writing, the parties will produce in native format ESI previously produced as single-page TIFF images or PDF files, if such data are not reasonably useable. The party receiving the request to produce in native format shall have seven (7) Court days from such request to object to production in native format. If an objection is asserted, the party requesting the production in native format must apply for relief to the Court. The requesting party's obligation to move for a Court order does not affect any burden of the party receiving the request to show good cause to resist discovery of ESI. A party that has produced, prior to the applicable discovery cutoff date, ESI as black-and-white single-page TIFF images or PDF files may produce such ESI as color single-page TIFF images or PDF files, at any time prior to the date the parties submit their joint

---

[1] Not including requests for admissions relating to the admissibility of documents at trial.

exhibit list to the Court in this action in accordance with the applicable rules and Court order(s), as reasonably necessary for trial or motion practice.

<u>Defendant's Proposal</u>:

The parties are required to maintain and search electronically stored information that is presently active, except that the parties agree that none of the parties are required to search or maintain copies of electronically stored voice mail and that these materials will not be the subject of discovery. At an appropriate time, the parties agree to identify the terms that will be used by the other party to search electronically stored information that is presently active. Electronically stored electronically-stored information should be produced in a loadable, single page .tiff format, with accompanying Summation (.dii), Concordance (.dat) or iPro (.lfp) load files (as indicated by the receiving party), as well as an accompanying searchable text (.txt) file, so long as production of such documents or information in .tiff format will not alter the appearance or ability to review the substantive information of the documents. If a receiving party believes that it is necessary to review a certain document in native format, the parties agree to engage in good faith discussions regarding production of discrete documents in native form.

The parties further agree that if a party requests a search of electronically stored information that is not presently active, including for example a search of information stored on a backup tape, the requesting party shall bear the cost of performing that search. The parties further agree that backup tapes created on a daily and weekly basis can be recycled and do not have to be preserved.

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

The parties intend to file a stipulated protective order with the Court to protect the parties' confidential and/or proprietary information from public disclosure. The parties intend to use the new standard protective order from court, available at http://www.utd.uscourts.gov/documents/formpage.html

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a. The cutoff dates for filing a motion to amend pleadings are:
      Plaintiff 02/21/14    Defendant 02/21/14

   b. The cutoff dates for filing a motion to join additional parties are:
      Plaintiff 02/21/14    Defendant 02/21/14

*(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

4. **EXPERT REPORTS**:

   Reports from experts under Rule 26(a)(2) will be submitted on:

   Expert reports from the party having the burden of proof on the issue due 4/14/2014. Rebuttal reports due thirty (30) days from disclosure of affirmative report.
   The parties stipulate and agree as follows with regards to the conduct of expert discovery:

   (1) All notes, memoranda, and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.

   (2) The parties will produce to one another their respective experts' final reports, curricula vitae, and engagement arrangements, and will either identify (including by Bates number where available) or, if the document is not already in the possession of the opposing party, produce a clean copy of those documents which the experts relied upon in the course of preparing and rendering their opinions.

5. **OTHER DEADLINES**:

   a. Discovery cutoff: Fact 04/14/14    Expert 05/30/14   b. Deadline for filing dispositive or potentially dispositive motions and Daubert motions is 06/30/14.

6. **ADR/SETTLEMENT**:

   *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

   a. The potential for resolution before trial is fair.

   b. The parties cannot currently commit to alternative dispute resolution but will in good faith discuss the potential for early referral of this case to the court's alternative program for mediation.

   c. The case should be re-evaluated for settlement/ADR resolution on: 4/14/14.

7. **TRIAL AND PREPARATION FOR TRIAL**:

   a. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

   b. This case should be ready for trial by: 12/1/14

   A jury trial has been requested.

   c. The estimated length of the trial is: 2 – 3 days

/s/ Craig B. Sanders          Date: 10/25/13
Craig B. Sanders

/s/ Sarah E. Jelsema          Date: 10/25/13
Robert E. Aycock
Sarah E. Jelsema

---

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court thirty days before the date of the Initial Pretrial Conference. A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov. If counsel meet, confer, and
    (i)    file a stipulated Attorney Planning Meeting Report *and*
    (ii)   email a draft scheduling order in word processing format by email to
           ipt@utd.uscourts.gov
30 days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.

More information is available at
    http://www.utd.uscourts.gov/documents/ipt.html